### DOCK R. CHANCE v. STATE.

No. A-8928.   Dec. 20, 1935.
(52 Pac. [2d] 1087.)

John V. Roberts, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, for convenience hereinafter referred to as the defendant, was convicted of the crime of selling whisky to a minor, and his punishment fixed at a fine of $200, and imprisonment in the state penitentiary for a period of two years, and appealed by transcript.

Three errors are assigned by the defendant as grounds for reversal. The first being,

"The court erred in overruling the plaintiff in error's motion for a new trial.

"2. The court erred in passing its judgment and sentence upon the defendant, and such a judgment and sentence is indefinite, vague and uncertain as to its duration and insufficient in law to authorize the imprisonment of this plaintiff in error.

"3. That proceedngs were had in said cause in said court in the absence of the defendant."

The defendant admits that the motion for a new trial set forth in his first assignment of error must be passed without consideration, as it cannot be brought before this court on a transcript.

The question raised by the second assignment of error attacks the judgment rendered wherein the defendant urges that the same is indefinite and uncertain as to its

duration, and defendant contends that because the judgment recites:

"That you be taken from this court room by the sheriff of Garfield county, to the Garfield county jail, there to be held in custody until it is convenient for the said sheriff to transport him to the penitentiary, and that said sentence begin on the date of your delivery to the warden of said state penitentiary."

That the sentence of the court amounts to a sentence in jail until the sheriff finds it convenient to transport him to the penitentiary to serve two years. With the argument presented by the defendant on his second assignment of error, this court cannot agree.

The court entered a formal judgment, which was necessary, unless the sheriff was ready to start to the penitentiary with the defendant immediately upon the imposing of the sentence by the court. The transcript fails to disclose how long it was after the judgment was imposed by the trial court before he was delivered to the warden of the penitentiary, at McAlester.

The defendant in his argument does not mention any length of time he was kept in the county jail before being transported to the penitentiary, nor does he insist or urge that he was kept in jail an unusual length of time. If the defendant was retained in the county jail an unusual length of time before being transmitted to the penitentiary, he could have applied to the trial court for an order directing the sheriff to immediately transport him to the penitentiary, and if the court refused to grant his application, he could have applied to this court.

Under the repeated holdings of this court, the defendant is compelled to suffer the actual punishment imposed by the trial court. The time of the commencement

of said sentence is merely an award of execution and is not a material part of the sentence, as repeatedly held by this court, beginning with Ex parte Eldridge, 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967.

We hold that the contention of the defendant as to his confinement in the county jail, and being transported to the penitentiary under the terms of the sentence is without merit.

The third and last assignment of the defendant presents a question that proceedings were had in the trial in his absence. The transcript shows the defendant appeared in court in person and by his attorney, and both parties announced ready for trial; the jury was selected; statement of the case was made by the county attorney; testimony introduced; defendant rests; both sides rest; court reads instructions to the jury; argument by counsel for the state and the defendant; jury retired to consider its verdict. The 11th day of December, 1934, shows all officials present, jury in the box; jury announced it had arrived at a verdict, and returned its verdict into court. By consent of counsel, defendant to be sentenced Thursday, December 13, 1934, at 1 p. m. Where the record shows the defendant present in person and by counsel when the trial began, and the argument of counsel and return of the verdict, and agreement of counsel as to the date sentence shall be imposed on the defendant, the presumption is he was present at all stages of the trial.

The defendant relies upon Humphrey v. State, 3 Okla. Cr. 504, 106 Pac. 978, 139 Am. St. Rep. 972, to sustain his contention, and states in his brief that this case has never been reversed or criticized. If the defendant had searched further, he would have found Humphrey v.

State, supra, has been overruled by this court in Burns v. State, 8 Okla. Cr. 554, 129 Pac. 657, 664; and, second, in Henry v. State, 10 Okla. Cr. 369, 136 Pac. 982, 52 L. R. A. (N. S.) 113. In the Burns Case the court in part stated:

"Counsel for appellant contend in their brief and oral argument that the judgment should be set aside because the records of the court do not affirmatively show the presence of the defendant during the trial. The record does show that the defendant entered a plea of not guilty; that he was present when the state's witnesses were examined; that he testified in his own behalf, and was present when the sentence of the court was pronounced."

In this case the defendant was present in person and by counsel when the trial began; his counsel argued the case; verdict was returned, and counsel agreed as to the date sentence should be imposed on the defendant.

Under the holdings of this court, the presumption is that the defendant was present at all stages of the trial. The contention of the defendant, in the opinion of the court, is not borne out by the facts disclosed in the transcript. The attorney makes some complaint in his argument that his client was not financially able to appeal and bring up the transcript.

This argument is not justified or warranted, for the reason that if the defendant had applied to the trial court to have a transcript of the testimony made at the expense of the county or state, the court would probably have ordered it made, but if the court had refused, he could have filed his transcript with this court, and made the statutory showing, and this court would have entered an order requiring a transcript of the testimony to be furnished at the expense of the county.

As shown by the transcript, the defendant was accorded a fair and impartial trial. The errors complained of by the defendant are not sufficient to warrant a reversal.

The judgment of the trial court is affirmed.

EDWARDS and DOYLE, JJ., concur.